FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Apr 10, 2024

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br> -vs-<br><br>DANIEL DAVID SALLEE,<br><br>      Defendant. | No. 2:21-CR-0036-WFN-1<br><br>ORDER DENYING MOTION TO REDUCE SENTENCE |

Now pending before the Court is Daniel David Sallee's *pro se* Motion for Sentence Reduction under 18 U.S.C. § 3582(c)(1)(A). ECF No. 53. Mr. Sallee argues there are extraordinary and compelling reasons to reduce his sentence of imprisonment because his sentence is long, his rehabilitation has been extraordinary, and prison has been harsher than expected during the COVID-19 pandemic. The Court denies the Motion because Mr. Sallee has not shown extraordinary and compelling reasons to reduce his sentence, and because the § 3553(a) factors weigh against early release.

## BACKGROUND

In early 2021, law enforcement officers found Mr. Sallee in a vehicle with two firearms, ammunition, firearm accessories, a photograph of Mr. Sallee holding a firearm, hundreds of small plastic bags, six suboxone strips, fifty-six grams of heroin, ninety-nine fentanyl tablets, three clonazepam tablets, three buprenorphine tablets, a digital scale, used drug paraphernalia, and $2,600 cash. ECF No. 46 ¶¶ 9–22; ECF No. 37 ¶ 6. Because Mr. Sallee had previously been convicted of a felony, he was prohibited from possessing firearms. *See* ECF No. 46 ¶¶ 18–19, 79; ECF No. 37 ¶ 6. Mr. Sallee pled guilty to being a Felon in Possession of a Firearm and to Possession with the Intent to Distribute Heroin and

ORDER - 1

Fentanyl. ECF No. 49 at 1. Although the guideline sentencing range was 63–78 months, ECF No. 46 ¶ 172, the Court accepted the parties' Rule 11(c)(1)(C) recommendation and sentenced Mr. Sallee to 51 months of imprisonment, *see* ECF No. 37 ¶ 9; ECF No. 49 at 2.

## DISCUSSION

The Court may reduce a sentence under 18 U.S.C. § 3582(c)(1)(A)(i) if (1) there are "extraordinary and compelling reasons" to do so,[1] (2) the reduction is appropriate considering the factors set forth in 18 U.S.C. § 3553(a), and (3) the reduction is consistent with applicable policy statements issued by the Sentencing Commission. 18 U.S.C. § 3582(c)(1)(A); *United States v. Wright*, 46 F.4th 938, 945 (9th Cir. 2022). Prisoners must satisfy all three conditions to obtain compassionate release. *Wright*, 46 F.4th at 945. If any condition is not met, compassionate release must be denied. *Id*

Before moving for compassionate release, a prisoner must first exhaust their administrative remedies by asking the Bureau of Prisons [BOP] to move for compassionate release on their behalf. § 3582(c)(1)(A); *United States v. Keller*, 2 F.4th 1278, 1281 (9th Cir. 2021). Once thirty days have lapsed from the warden's receipt of the prisoner's request, the prisoner has satisfied the exhaustion requirement. *Keller*, 2 F.4th at 1281.

### I. Mr. Sallee satisfied the exhaustion requirement.

Mr. Sallee satisfied the exhaustion requirement by submitting his request for compassionate release to the warden more than thirty days before filing the instant Motion. ECF No. 53 at 5. Therefore, the Court will consider the merits of his request.

---

[1] Instead of establishing "extraordinary and compelling reasons," defendants may show that they are at least 70 years of age, have served at least thirty years of their sentence, the Director of the BOP has determined they are not a danger to any person or the community, and the § 3553(a) factors weigh in favor of reduction. 18 U.S.C. § 3582(c)(1)(A). Because Mr. Sallee is less than 70, this route is unavailable, and he must demonstrate extraordinary and compelling reasons for reducing his sentence. *See id.*

ORDER - 2

**II. Mr. Sallee has not demonstrated extraordinary and compelling reasons to reduce his sentence.**

Mr. Sallee argues there are extraordinary and compelling reasons to reduce his 51-month sentence because his sentence is long, his rehabilitation has been extraordinary, and conditions at FCI Sheridan have been bad during the COVID-19 pandemic. ECF No. 53 at 1–4. First, Mr. Sallee's sentence is not particularly long. As stated above, the Court accepted the parties' Rule 11(c)(1)(C) agreement and sentenced Mr. Sallee to 51 months, which was below the guideline range. *See* ECF No. 46 ¶ 172; ECF No. 37 ¶ 9; ECF No. 49 at 2. Second, Mr. Sallee has not explained his rehabilitation beyond asserting that he has "used his time productively" and that he has shown "extraordinary rehabilitation." ECF No. 53 at 1–2. Besides, rehabilitation alone is not an extraordinary and compelling reason for sentence reduction. U.S.S.G. § 1B1.13(d). Although rehabilitation can be considered in combination with other factors, Mr. Sallee's bare assertion of rehabilitation is not enough in this case. Third, while things at FCI Sheridan may be unpleasant, "general conditions that affect inmates indiscriminately throughout the prison are insufficient to support an individual defendant's claims for compassionate release." *United States v. Abdullah*, 2023 WL 5802622 (W.D. Wash. Sept. 7, 2023) (citing cases). Mr. Castoreno cites cases to support an opposite conclusion, but in each of those cases the Court granted relief for significant individualized reasons. *See, e.g.*, *United States v. Beltran*, No. CR 19-35-GF-BMM, 2023 WL 3851047, at *3 (D. Mont. June 6, 2023). Therefore, the Motion will be denied.

**III. The factors set forth in § 3553(a) weigh against Mr. Sallee's early release.**

In addition to illegally possessing firearms, Mr. Sallee possessed a large amount of fentanyl and heroin with the intent to distribute it in Eastern Washington. His guideline sentence range was 63–78 months, but he was sentenced to only 51 months. Drug distribution has a profoundly negative effect on drug users, their families, and the entire community. The seriousness of Mr. Sallee's crimes and the need to promote respect for the law, provide just punishment, deter criminal conduct, and protect the public all weigh against

ORDER - 3

reducing his sentence. Because the § 3553(a) factors weigh against reducing Mr. Sallee's sentence, the Motion must be denied.

The Court has reviewed the file and Motion and is fully informed. Accordingly,

**IT IS ORDERED** that Mr. Sallee's *pro se* Motion for Sentence Reduction under 18 U.S.C. § 3582(c)(1)(A), filed August 30, 2023, **ECF No. 53**, is **DENIED**.

The District Court Executive is directed to file this order and provide copies to counsel and to *pro se* Defendant.

**DATED** this 10th day of April, 2024.

04-09-24

WM. FREMMING NIELSEN
SENIOR UNITED STATES DISTRICT JUDGE

ORDER - 4